IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| DEEDRA M. BREWER,<br><br>               Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>               Defendant. | CV 10-44-BLG-CSO<br><br>**ORDER ON PENDING MOTIONS** |

Plaintiff Deedra M. Brewer ("Brewer") initiated this action to obtain judicial review of Defendant Commissioner of Social Security's ("Commissioner's") decision denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-433. *Pl.'s Complt. (Court Doc. 2) (April 21, 2010)*. This case has been assigned to the undersigned Magistrate Judge, upon the consent of the parties, for all purposes.

Now pending before the Court are the following motions:

1. Defendant's Motion to Dismiss Plaintiff's Complaint (Court Doc. 10);

-1-

    2.    Plaintiff's Motion for Default Judgment (Court Doc. 17); and

    3.    Defendant's Motion to Withdraw Motion to Dismiss and For Additional Time to Answer and Respon[d] to Plaintiff's Motion for Default Judgment (Court Doc. 18).

For the reasons stated below, the Court concludes that Plaintiff's Motion for Default Judgment should be denied, Defendant's Motion to Withdraw its Motion to Dismiss should be granted, and Defendant's Motion For Additional Time is moot.

## I.    BACKGROUND

Brewer filed this action on April 21, 2010.  *Court Doc. 2 at 3.*[1] Brewer attached, as Exhibit A to her complaint, an envelope from the Administration.  As scanned into the Court's electronic filing system, Exhibit A did not reflect a visible postmark.  *Court Doc. 2-1 at 1.*  In response to the complaint, the Commissioner filed a motion to dismiss, claiming the present appeal was not timely filed.[2]  *Court Doc. 11 at 2-5.*

---

[1] All court document page numbers cited herein refer to the page number used in the Court's electronic filing system.

[2] The Act provides that a claimant may only seek judicial review of a final Administration decision on a claim arising under the Act within sixty days of receiving notice of that final decision.  42 U.S.C. § 402(g) and (h).

In its motion to dismiss, the Commissioner contended that Brewer was notified of the Administration's final decision on her claim on January 29, 2010, and statutorily deemed to have received this notice within five days. *Id. at 2*. Because Brewer did not file her claim until after April 5, 2010, the Commissioner argued that the appeal must be dismissed as untimely. *Id*.

In response to this motion, Brewer asserts that notice of the Administration's final decision on her claim was not mailed to her until February 17, 2010, and thus receipt is not presumed to have occurred until February 22, 2010. *Court Doc. 13 at 2*. Consequently, Brewer argues that her April 21, 2010, complaint was filed within the sixty day window. *Id*. Again, the Commissioner, in its reply, argued that Brewer has failed to present evidence that she was not notified of the Administration's final decision until February 17, 2010, and thus the appeal is untimely. *Court Doc. 14 at 2-3*.

Following the Commissioner's reply, Brewer contacted the Court to make it aware that the postmark on Exhibit A was not visible on the electronic copy of the exhibit contained in the Court's record.

Accordingly, Exhibit A was rescanned so that the postmark was properly visible. *See Court Doc. 15.* In light of this information, the Commissioner admitted that Brewer's appeal was timely, *Court Doc. 18 at 3*, and moved to withdraw its prior motion to dismiss, *id.* But, prior to the Commissioner filing its motion to withdraw its motion to dismiss, Brewer filed a motion for default judgment *(Court Doc. 17).*

## II. DISCUSSION

### A. Brewer's Motion for Default Judgment

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).[3] Once default is entered, if the plaintiff's claim is for a sum certain, or for a sum that can be made certain by computation, the clerk of court must enter judgment; in all other circumstances the court must enter the judgment. Fed. R. Civ. P. 55(b). Furthermore, when a default judgment is sought against the United States, including its officers or agencies, Rule 55(d) provides

---

[3]Unless otherwise indicated, all rules cited refer to the Federal Rules of Civil Procedure.

that default judgment can only be entered if the "claimant establishes a claim or right to relief by evidence that satisfies the court."

Here, Brewer's motion for default judgment is premature.  First, there has been no entry of default against the Administration pursuant to Rule 55(a).  Entry of default is a prerequisite to the entry of a default judgment.  *Brooks v. U.S.*, 29 F.Supp.2d 613, 618 (N.D. Cal. 1998) ("The entry of default judgment is a two-part process; default judgment may be entered only upon the entry of default by the Clerk of the Court."); Fed. R. Civ. P. 55(a) and (b); Wright, Miller & Kane Federal Practice and Procedure: Civil 3d § 2682; *See, e.g., New York v. Green*, 420 F.3d 99, 104 (2nd Cir. 2005); *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998); *Inman v. American Home Furniture Placement, Inc.*, 120 F.3d 117 (8th Cir. 1997).

Moreover, Brewer's motion was filed while there was a pending motion to dismiss.  Default cannot be entered if a defendant has filed a response indicating an intent to defend the action.  *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 689 (9th Cir. 1988).  Because a motion to dismiss was filed within the

time provided by the Rules, the Commissioner has neither failed to appear nor failed to defend the present action. *U.S. Bank N.A. v. Jeremy Tenner*, 2010 WL 2884854 at *1 (D. Nev. July 16, 2010) (defendant deemed to have made an appearance and defended itself by filing a motion to dismiss); *Pangelinan v. Wiseman*, 2010 WL 882849 at *2 (N. Mariana Islands March 10, 2010); *Quansah v. State of CA Employment Development Dept.*, 84 Fed. Appx. 879, 880 (9th Cir. 2003); Fed. R. Civ. P. 55(a) (default can be entered only where party "has failed to plead or *otherwise defend*") (emphasis added). Accordingly, Brewer's motion for default judgment is denied.

### B.  Commissioner's Motion to Withdraw & Motion for Additional Time

The Court now turns to the Commissioner's motion to dismiss (Court Doc. 10) and motion to withdraw the same and obtain additional time to file a responsive pleading and the administrative record associated with Brewer's claim (Court Doc. 18). The Commissioner's motion to dismiss was premised on its mistaken belief that Brewer did not timely file her complaint in this Court. *See Court Doc. 10*. The Commissioner has now admitted that this action was timely filed. *Id.*

*at 3 ("Plaintiff's complaint is therefore timely[.]")* Accordingly, the Commissioner's motion to withdraw its motion to dismiss is granted.

The Commissioner also moved for an additional sixty days to file its answer and the administrative record. *Id.* Pursuant to Rule 12(a)(4) a defendant has 14 days to file a responsive pleading following the denial of a motion filed in place of a responsive pleading, unless the court provides a different time. Here, the Commissioner has already filed an answer and the administrative record. *Court Doc. 19.* This responsive pleading was filed prior to the Court ruling on the pending motion to dismiss and thus clearly within the time period permitted by Rule 12(a)(4). Thus, while the motion for additional time would have been well taken, it is moot.

### III. CONCLUSION

In light of the foregoing,

IT IS ORDERED that:

A.  Defendant's Motion to Withdraw Motion to Dismiss and For Additional Time to Answer and Respon[d] to Plaintiff's Motion for Default Judgment (Court Doc. 18) is GRANTED

IN PART and MOOT IN PART.

    1.    To the extent that Defendant's motion seeks to withdraw its prior motion to dismiss, it is GRANTED. The clerk shall terminate Defendant's motion to dismiss (Court Doc. 10).

    2.    To the extent that Defendant's motion seeks additional time to file a responsive pleading, it is MOOT.

B.    Plaintiff's Motion for Default Judgment is DENIED.

DATED this 26th day of August, 2010.

        /s/ Carolyn S. Ostby
        United States Magistrate Judge